## Roberts, et al. v. Brown, et al.

(Decided May 2, 1924.)

### Appeal from Nelson Circuit Court.

1. Execution—Leasehold Interest Held Subject to Sale for Debts.— A lease for five years to A. "and his associates" and to the successors in partnership with him, which provided that "contract is to expire in the event of the death of the first party or of second party A. at the option of the survivors of this partnership," held not to terminate when A. ceased to be a lessee, and hence leasehold interest was subject to sale for payment of lessees' debts.

2. Execution—Adjudication of Facts in Judgment Need Not be Repeated in order Directing Sale.—It is obligatory upon court to fix and determine the facts by which the officers should be guided in making sale under attachment, but this rule is not applicable to order for sale when default judgment contains an adjudication of the amount of the debt, as sheriff should look to judgment in order to obtain amount to be raised and in conformity to Civil Code of Practice, section 696, should insert that amount in his advertisements of the sale.

NAT W. HALSTEAD for appellants.

FULTON & FULTON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellees and plaintiffs below, Charlie Wood Brown and others, filed this action against the partnership of Abell & Hurst, composed of appellant George M. Abell and Len H. Hurst, to recover the balance due on a note for $5,000.00 executed by defendants to plaintiffs on June 30, 1920, the amount unpaid being about one-half of the principal sum. At the same time an attachment was sued out which the sheriff levied on the unexpired portion (about three years) of a leasehold interest held by defendants on about forty acres of land in Nelson county

belonging to appellant, Edmonia Roberts. The lease was executed by her on September 10, 1919, to Abell, Brown & Company, composed of defendant, George M. Abell, and the plaintiffs in this action. It ran for a period of five years from the first day of January, 1920, and was in consideration of a total rental of $500.00 payable annually, the first installment to be due for the year 1920. Subsequently plaintiffs, as members of the lessee firm, sold their interest to defendants, Abell & Hurst, and the note sued on was executed in part payment for the transfer of that lease to the new firm. The lessor, Mrs. Roberts, filed an intervening petition in the cause in which she averred that she was induced to execute the lease because of her great confidence in the dependability of George M. Abell, and that but for that fact she would not have executed it, and by reason thereof it was understood and agreed that when he ceased to be a member of the lessee firm and became no longer interested in the lease it should terminate, and that, since the sale under the attachment of the unexpired term would bring about that result, it was not subject to sale for the payment of his debts, and she asked that the court so adjudge and to, in effect, cancel the lease and restore to her the possession of the leased premises.

Hurst made no answer in the case whatever, nor did Abell defend his liability on the note, but only denied the grounds of attachment. A default judgment was entered for the unpaid balance of the note and, following that, the grounds of attachment were tried, as was also the issue raised by the intervening pleading, when the court dismissed the latter, sustained the attachment and ordered a sale by the sheriff of the unexpired time of the lease, from which orders Mrs. Roberts and defendant Abell prosecute this appeal.

It perhaps should be first stated that there was no averment in the pleading of Mrs. Roberts of any fraud or mistake in the draft of the lease, without which nothing but its terms may be examined in disposing of the issue presented by her pleading. It is therefore contended that the lease itself sustains her interpretation thereof, and that contention is based upon a clause therein saying: "That first party (Mrs. Roberts) has leased to second party (George M. Abell and his associates) and to the successors in partnership with second party, George M. Abell," and also upon a statement contained in the last

clause of the lease which says: "This contract is to expire in the event of the death of the first party or of second party, George M. Abell, at the option of the survivors of this partnership." It is strenuously insisted that the two excerpts from the lease sustain the contention of the lessor, but we are unable to agree with that contention. The caption of the lease names as second parties all of the lessees, including George M. Abell, and the first excerpt above, which immediately follows the caption, does not subtract from or add to the status of George M. Abell as a lessee. At most it contains but a useless effort to render his partners or associates also lessees with him. If the lease had been executed to him alone, it being for a longer term than two years, it is conceded that it would have been assignable without the consent of the lessor in the absence of some stipulation to the contrary, and we find nothing in the language even impliedly providing for any such stipulation.

The excerpt from the last clause in the lease rather fortifies our construction above than to support counsel's interpretation. There is an express provision therein for the termination of the lease, but it is confined only to the event of the death of George M. Abell, and if it had been the intention to also provide for its termination upon his retirement as lessee before his death, it would have been easy to have said so, and no place in the lease could be found more appropriate for that purpose. Furthermore, in that same provision, it is said that the lease might expire "at the option of the survivors of this partnership," which necessarily means the lessee partnership and left it optional with them as to whether the lease should then expire, even upon his death. We, therefore, conclude that the court properly dismissed the intervening petition of Mrs. Roberts.

It is next insisted (a), (and which may only be made in the proper manner, by Abell, the defendant lessee) that the sheriff did not properly levy the attachment on the unexpired leasehold interest, and (b), that the order of the court directing its sale by the sheriff under the attachment did not fix the amount of the debt to be paid with the proceeds of the sale. We are not altogether clear as to whether either of those contentions can be made by Abell on this appeal, since no sale has yet been made and probably the appropriate time and place to raise those questions would be upon exceptions to the

sale after it was made. But, passing that point and treating the questions as properly presented for determination, it is urged on this appeal that contention (a) should be sustained because the attached property (the unexpired leasehold interest) was personalty of a nature and character incapable of manual delivery and of which the sheriff could not take corporeal possession, in which case the levy of the attachment upon it should be made as directed by subsection 3 of section 203 of the Civil Code of Practice, i. e., "By delivering a copy of the order with a notice specifying the property attached to the person holding it," and it is insisted that no such notice was given in this case. Counsel, however, is evidently mistaken because it was shown that Abell was in possession of the leasehold property and was pasturing the leased land, and the sheriff gave to him a copy of the order of attachment in which there was a notice 'specifying the leasehold interest as the property sought to be attached.

In support of contention (b), we are cited to a number of cases defining the requisite certainty of judgments and orders directing the sale of property, in which it is held as a general proposition that the directions to such officer should be contained in the judgment, and not left to be obtained by him from other parts of the record. We fully agree with that principle of the law relating to judgments, but we do not regard it as applicable to the facts of this case. The purpose of its promulgation was to make it obligatory upon the court in its judgment to fix and determine the facts by which the officer should be guided in making the sale and not leave the determination to be made by the officer from other papers in the cause. In other words, when the record contains an adjudication of those facts, they need not be repeated in the order directing the sale, though rendered later in the progress of the cause. The sheriff, therefore, in this case could and should look to the default judgment in order to obtain the amount of money to be raised by the sale of the property which he was ordered to make, and in conformity to the provisions of section 696 of the Civil Code of Practice, he should insert that amount in his advertisements of the sale.

We, therefore, conclude that no error was committed in rendering the judgment appealed from, and it is therefore affirmed.